LOURIE, Circuit Judge,
concurring.
I concur in the result reached by the majority, but I write separately because I believe that we should concisely and faithfully follow the Supreme Court’s most recent guidance regarding patent eligibility in Mayo Collaborative Services v. Prometheus Laboratories, Inc., — U.S. —, 132 S.Ct. 1289, 182 L.Ed.2d 321 (2012), and should track the plurality opinion of five judges from this court in CLS Bank International v. Alice Corp., 717 F.3d 1269, 1273-93, 2013 WL 1920941, at *1-20 (Fed. Cir. May 10, 2013) (Lourie, Dyk, Prost, Reyna, & Wallach, JJ., plurality opinion). It is our obligation to attempt to follow the Supreme Court’s guidance in Mayo rather than to set forth our own independent views, however valid we may consider them to be. Indeed, this appeal was specifically vacated by the Supreme Court and remanded for further consideration in light of Mayo. WildTangent, Inc. v. Ultramercial, LLC, — U.S. —, 132 S.Ct. 2431, 182 L.Ed.2d 1059 (2012).
The claims at issue in this appeal are method claims, not machine claims, and both Mayo and CLS Bank dealt squarely with the issue of patent eligibility of method claims. The plurality opinion in CLS Bank identified a two-step process, derived from Mayo, for analyzing patent eligibility under § 101. First, a court must identify “whether the claimed invention fits within one of the four statutory classes set out in § 101.” CLS Bank, 717 F.3d at *1355 1281-82, 2013 WL 1920941, at *9. Second, one must assess whether any of the judicial exceptions to subject-matter eligibility apply, including whether the claims are to patent-ineligible abstract ideas. Id.
In the case of abstractness, as discussed in CLS Bank, we must determine whether the claim poses “any risk of preempting an abstract idea.” Id. To do so we must first “identify and define whatever fundamental concept appears wrapped up in the claim”; a claim construction may be helpful in this analysis. Id. Then, proceeding with the preemption analysis, the balance of the claim is evaluated to determine whether “additional substantive limitations ... narrow, confine, or otherwise tie down the claim so that, in practical terms, it does not cover the full abstract idea itself.” Id. at 1282-83, 2013 WL 1920941 at *10 (citing Mayo, 132 S.Ct. at 1300; Bilski v. Kappos, — U.S. —, 130 S.Ct. 3218, 3231, 177 L.Ed.2d 792 (2010); Diamond v. Diehr, 450 U.S. 175, 187, 101 S.Ct. 1048, 67 L.Ed.2d 155 (1981)). Following this procedure, we are then ready to evaluate the claims at issue in this case.
I agree with the majority that no formal claim construction is needed to interpret the claims at this stage. See Majority Op. at 1350. As the majority correctly notes, the '545 patent “claims a particular method for collecting revenue from the distribution of media products over the Internet” and, as a process, “falls within a category of patent-eligible subject matter.” Majority Op. at 1349-50. The abstract idea at the heart of the '545 patent, which the district court properly identified, is “us[ing] advertising as an exchange or currency.” Ultramercial, LLC v. Hulu, LLC, No. CV 09-06918 RGK, 2010 WL 3360098, at *6 (C.D.Cal. Aug. 13, 2010). The '545 patent claims, however, require more than just that abstract idea as part of the claimed method.
The additional claim limitations reciting how that idea is implemented “narrow, confine, or otherwise tie down the claim so that, in practical terms, it does not cover the full abstract idea itself.” CLS Bank, 717 F.3d at 1282, 2013 WL 1920941, at *10. While a computer or complex computer program, as discussed by the majority opinion, may be necessary to perform the method, it is not what the claim specifically requires and thus should not be the focus of the analysis. Likewise, although the number of claim limitations is also not an indication of patent-eligibility, unlike the method claims in CLS Bank, in my view, the added limitations in these claims represent significantly more than the underlying abstract idea of using advertising as an exchange or currency and, as a consequence, do not preempt the use of that idea in all fields. See CLS Bank, 717 F.3d at 1287-88, 2013 WL 1920941, at *15. Thus, under the CLS Bank plurality analysis, I agree with the majority that the district court erred in dismissing Ultramercial’s claims for lack of subject matter eligibility under § 101 due to abstractness.